UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARINA ARIK,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　Defendant. | Case No:  C 08-5564 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Docket 27 |

　　　　Plaintiff Mariana Arik filed the instant action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") under 42 U.S.C. § 405(g).  On March 29, 2010, the Court denied the Commissioner's motion for summary judgment and partially granted Plaintiff's cross-motion for summary judgment, and remanded the case for further development of the record.  The parties are now before the Court on the Commissioner's Motion to Alter or Amend the Judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  Having read and considered the papers submitted, and having reviewed the record, the Court DENIES the motion.[1]

I.　**BACKGROUND**

　　　　The parties are familiar with the facts of this case, which will only be summarized briefly herein.  Plaintiff filed a claim for disability benefits in 1996.  Plaintiff, then single and twenty years-old, claimed that she was unable to work as of August 1, 1993, due to manic

---

[1] Pursuant to Rule 78(b), the Court resolves the instant motion without oral argument.

depression. The Commissioner denied Plaintiff's claim for benefits. On December 27, 1996, Plaintiff sought a review hearing before an Administrative Law Judge ("ALJ"). After conducting a hearing at which Plaintiff was represented by counsel, the ALJ issued a Decision on January 26, 1999. Specifically, the ALJ ruled that Plaintiff was not disabled between August 1, 1993 and March 2, 1998, but was disabled and entitled to benefits from March 2, 1998, onward.

On December 12, 2008, following a series of procedural delays, Plaintiff filed the instant action to seek review of the ALJ's decision. Plaintiff alleged that the ALJ erred in numerous respects in applying the five-step sequential evaluation process, which is employed to determine whether a claimant is disabled under the Act. See 20 C.F.R. § 404.1520(a). Among other claims, Plaintiff argued that the ALJ failed to properly consider step four of the sequential evaluation, which asks: "Does the claimant possess the residual functional capacity ('RFC') to perform his or her past relevant work? If so, the claimant is not disabled." 20 C.F.R. § 404.1520. In his Decision, the ALJ found that for the time period from August 1, 1993 to December 31, 1994, Plaintiff could perform her past relevant work as a waitress and interviewer, and therefore, was not disabled during that time period. See MSJ Order at 6, 13 (Docket 24).

In her summary judgment motion, Plaintiff argued that the ALJ's determinations regarding her ability to perform past work were made without proper consideration of Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2 (1996). See Pl.'s Mot. for Summ. J. at 5, 8, 20, 22. SSR 96-8p instructs ALJs to assess a claimant's work-related abilities on a "function-by-function basis" before classifying his residual functional capacity in exertional terms (e.g., "light work"). MSJ Order at 9. Upon consideration of Plaintiff's arguments (and the Commissioner's lack of response thereto), and after having carefully reviewed the record,

1  the Court agreed that the ALJ failed to conduct the requisite analysis and remanded the case to
2  "address this deficiency." Id.[2]
3        On April 23, 2010, the Commissioner filed the instant motion for reconsideration,
4  pursuant to Rule 59(e). The crux of the motion is that the Court's decision to order a limited
5  remand is based on an improperly raised argument, i.e., the ALJ's failure to properly analyze
6  Plaintiff's RFC. The Commissioner claims that Plaintiff did not raise this argument in her
7  opening brief, but instead, presented it in her reply. Alternatively, the Commissioner contends
8  that the ALJ's failure to conduct a function-by-function analysis does not warrant a remand.
9  Plaintiff timely filed an opposition to the Commissioner's motion. However, the
10 Commissioner failed to file a reply.

11 **II.  LEGAL STANDARD**

12       A motion for reconsideration of a final judgment is appropriately brought under Federal
13 Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).
14 Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and
15 conservation of judicial resources." Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890
16 (9th Cir.2000) (internal quotation marks omitted). A Rule 59(e) motion "should not be granted
17 absent highly unusual circumstances, unless the district court is presented with newly
18 discovered evidence, committed clear error, or if there is an intervening change in the
19 controlling law." 389 Orange Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). A district
20 court has "considerable discretion" in considering a Rule 59(e) motion. Turner v. Burlington
21 N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003).

22 **III.  DISCUSSION**

23       The Commissioner contends in his motion for reconsideration that the Court committed
24 manifest error of law or fact by predicating its ruling on an issue that allegedly was not briefed
25

---

26     [2] Plaintiff had requested that the Court reverse the ALJ and award benefits or remand for further proceedings to develop the record. It is within the Court's discretion to decide
27 which remedy to afford. See Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990). The Court elected to remand. See id. ("Where the Secretary is in a better position than this court to
28 evaluate the evidence, remand is appropriate.").

1  in Plaintiff's moving papers.  According to the Commissioner, "Plaintiff did not raise a
2  'function by function' argument in her opening brief."   Def.'s Mot. for Recons. at 3.
3  According to the Commissioner, "the sole ground for remand" allegedly was the Court's
4  determination that the ALJ had failed to conduct a function-by-function analysis, and as such,
5  it was improper for the Court to predicate its remand on that ground.  Id.  These contentions
6  lack merit.
7  	As set forth in the Court's order on the cross-motions for summary judgment, the ALJ is
8  required to follow a five-step sequential analysis in the course of determining whether a
9  claimant should be provided disability benefits.  See 20 C.F.R. § 404.1520(a).  At steps four
10 and five of the sequential evaluation, the ALJ must consider the claimant's residual functional
11 capacity ("RFC"), which "is an assessment of an individual's ability to do sustained work-
12 related physical and mental activities in a work setting on a regular and continuing basis."  SSR
13 96-8p, 1996 WL 374184, at *1-*3.  The Social Security Administration issued SR 96-8p in
14 1996 as a policy statement which "clarifies the term 'RFC' and discusses the elements
15 considered in the assessment."  Id., at *1.  The ruling states that RFC measures the most work
16 that an individual can perform despite his or her limitations:

> RFC is the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a **regular and continuing basis**, and the RFC assessment must include a discussion of the individual's abilities on that basis.  A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.

21 "The RFC assessment is a function-by-function assessment based upon all of the relevant
22 evidence of an individual's ability to do work-related activities.  Id., at *3
23 	Here, the Court found that the ALJ did not follow SSR 96-8p because he presumed that
24 Plaintiff could perform past work as a waitress based on his finding that she was able to
25 perform various daily living tasks and that she had worked as a hostess/bookkeeper during the

time period from June to August 1993.  Order at 8-9.³  In ascribing error to this determination, the Court reasoned that in assessing Plaintiff's RFC, the ALJ was required—but failed—to consider whether she could past relevant work as "she *actually* performed it[.]"  Order at 9.  The Court reached this conclusion based on Plaintiff's argument that, under SSR 96-8p, the ALJ should have considered her ability to perform tasks consistent with what her past work required, including the ability to work eight hours a day, five days per week, on a sustained basis.  Pl.'s Mot. at 8, 20, 23.  Thus, despite the Commissioner's assertions to the contrary, Plaintiff did not "waive" her argument with respect to the ALJ's failure to comport with SSR 96-8p.⁴

Even if the Court's ruling somehow were based on an argument that Plaintiff had raised in her reply as opposed to moving papers, the Commissioner does not contend that the Court assessment of ALJ's error was incorrect.  Rather, he asserts that the omission of a function-by-function analysis is not, standing alone, reversible error.  Def.'s Mot. for Recons. at 5-6.  As support, the Commissioner cites Bayliss v. Barnhart, 427 F.3d 1211 (9th Cir. 2005), where the Ninth Circuit noted that "[p]reparing a function by function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary."  Id. at 1217.  In this case, the Commissioner contends that the ALJ did not find Plaintiff completely credible and that her asserted medical conditions during the relevant time-frame were unsupported.  Def.'s Mot. for Recons. at 5.  Given these determinations, the Commissioner claims that there was no need for the ALJ to conduct a function-by-function assessment, and therefore, no reason for this Court to remand the action.

---

³ The Commissioner's assertion that the ALJ's failure to conduct a function-by-function analysis was the "sole basis" of the remand misstates the record.  In fact, the Court found that there was no indication in the record that "the ALJ applied or considered SSR 96-8b" in reaching his decision regarding Plaintiff's ability to perform past work as a waitress and interviewer.  Order at 9.  Thus, while the Court certainly discussed the function-by-function issue, the Court ascribed error more broadly in finding that the ALJ did not follow SR 96-8p.

⁴ If any party waived any arguments, it was the Commissioner. Although Plaintiff's opening brief specifically references and presents arguments regarding SSR 96-8p, the Commissioner neglected to address Plaintiff's contentions—and, in fact, fails to cite SSR 96-8p anywhere in his opposition.

As an initial matter, the Commissioner waived this argument by failing to raise it in his opposition to Plaintiff's motion for summary judgment.  See Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (recognizing that a motion for reconsideration may not be used to raise arguments that could have reasonably been raised earlier in the litigation). Waiver aside, the Commissioner's argument fails on the merits.  Though the ALJ stated that he did not believe that Plaintiff was "fully credible" with respect to her "subjective complaints" during the time period from August 1, 1993 to March 2, 1998 (AR 70), he made no mention of Plaintiff's credibility with respect to his determination regarding her ability to perform past relevant work as a waitress or interviewer (AR 68, 70).  With regard to Plaintiff's medical conditions, the ALJ noted that the records did not expressly disclose limitations that prevented her from working.  (AR 68.)  He did not find that Plaintiff's medical conditions were unsupported.  Thus, the Court is unpersuaded that the exception for conducting a function-by-function analysis, as set forth in Bayliss, applies under the circumstances presented in this case.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendant's Motion to Alter or Amend the Judgment under Rule 59(e) of the Federal Rules of Civil Procedure is DENIED.

IT IS SO ORDERED.

Dated: June 21, 2010

SAUNDRA BROWN ARMSTRONG
United States District Judge