UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| MARAINA ARIK,<br><br>                Plaintiff,<br>    v.<br>MICHAEL J. ASTRUE<br>                Defendant.<br>_____/ | No. C 08-05564 SBA (LB)<br><br>**REPORT & RECOMMENDATION REGARDING MOTION FOR ATTORNEYS' FEES**<br><br>[ECF No. 35] |

## I. INTRODUCTION

The undersigned recommends that Plaintiff Maraina Arik – a Social Securities Administration claimant who prevailed in an action seeking judicial review of Defendant Michael J. Astrue's decision that she had failed to demonstrate that she was disabled – be awarded attorneys' fees and costs because the government was not substantially justified in its positions, and the hours and costs are reasonable. The specific amounts recommended are as follows: $3,104.37 for 17.8 hours of attorney time; $3,660.00 for 36.6 hours of paralegal time; $165.00 for 3.3 hours of clerical time, and $60.02 in costs.

## II. FACTUAL SUMMARY & RELEVANT PROCEDURAL HISTORY

As discussed in the undersigned's recommendation in related case C 04–04932 SBA, this case involves Arik's appeal of an ALJ's decision that she was disabled only starting March 2, 1998, and not during the period from August 1, 1993, to March 2, 1998. Complaint, ECF No. 1; *see* Report

and Recommendation Regarding Fees, C 04 04932 SBA (LB). In the C 04-04932 case, the issue was about the agency's refusal to grant her an extension of time to appeal the disability decision to the district court. The district court granted summary judgment to Arik, thereby granting Arik her requested extension of time to file her federal action. *See* Summary Judgment Order, C 04-04932 SBA, ECF No. 78 at 1, 13, 20.

In this case, then, Arik seeks review of the agency's determination that she was not disabled from August 1, 1993 to March 2, 1998. Complaint, ECF No. 1. Arik argued, *inter alia*, that the ALJ's findings that she could work during the time periods in question were not supported by substantial evidence. Plaintiff's Motion for Summary Judgment, ECF No. 17. The district court agreed with Arik, holding that the record did not reflect that the ALJ had applied or considered Social Security Ruling ("SSR") 96-8p and focusing on the ALJ's failure to engage in the function-by-function assessment of Arik's abilities as part of the residual functional capacity ("RFC") evaluation that the ruling requires. Order on Cross-Motions for Summary Judgment, ECF No. 24 at 9. The court further noted that this issue was not addressed in Astrue's opposition brief. *Id.* Thus, the district court granted Arik's motion for summary judgment, reversed the commissioner's decision, and remanded the case for further administrative proceedings. *Id.* at 16.

Astrue then filed a motion to alter or amend the judgment, arguing that Arik failed to raise the function-by-function argument in her opening brief and that under Ninth Circuit case law, the omission of a function-by-function analysis does not, by itself, constitute reversible error. ECF No. 27. The district court rejected Astrue's motion to alter or amend the judgment based on its finding that Arik had raised the argument in her opening brief, Astrue had waived its objections because it did not respond to this argument in its opposition brief, and that the district court's decision was based on the ALJ's overall failure to consider or apply SSR 96-8p. Order on Motion to Alter or Amend, ECF No. 30 at 5, n.3, and 6.

After prevailing on her claim and securing remand, Arik moved for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). ECF No. 40 at 1. The district court referred the fee request (and the fee request in the related case, *Arik v. Astrue*, No. C 04-4932 SBA) to this court. ECF No. 42.

REPORT & RECOMMENDATION REGARDING MOTION FOR ATTORNEYS' FEES
(C 08-05564 SBA (LB))
2

### III.  LEGAL STANDARDS

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  To be considered a prevailing party eligible to receive an award of attorney fees under the EAJA, the party must have received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H).  A claimant who receives a remand order in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Shaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995).

The burden of proof that the government's position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).  The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).  "A substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that a position was substantially justified is a two-step process. 28 U.S.C. § 2412(d)(2)(D); *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998).  First, the defendant must show that "the action or failure to act by the agency" was substantially justified.  *Id.*  Second, the defendant must show that the government was substantially justified in defending the validity of the civil action.  *Id.*

Recoverable fees and expenses include reasonable expenses of expert witnesses, reasonable costs of any study, analysis, report, test, or project found by the court to be necessary for the prevailing party's case, and reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).  Attorney fees may not be awarded in excess of $125 per hour unless the court determines that a higher fee is justified by either an increase in the cost of living or a special factor (such as the limited availability of qualified attorneys for the proceeding involved).  *Id.*  Furthermore, a party may recover the filing fee for the action. 28 U.S.C. § 2412(a)(2).  The prevailing party has the burden of proof that fees awarded under the EAJA are reasonable.  *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *Atkins v.*

*Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA).

## IV. DISCUSSION

Astrue does not contest that Arik is a prevailing party for purposes of the EAJA. Arik requests reimbursement of $3,106.93 for 17.8 hours of attorney time, $3,620.00 for 36.2 hours paralegal time, $198.00 for 3.3 hours of clerical time, and $60.02 in costs. Sammis Decl., ECF No. 34 at 7.

With regard to the award of fees, Astrue argues that fees should not be awarded because a genuine dispute exists as to whether there were sufficient facts and analysis to support the ALJ's finding that Arik could perform her past jobs. Opposition to Fees, ECF No. 40 at 3. Astrue also argues that the claimed hours are excessive and unreasonable and should be reduced. *Id.* at 5. Arik responds that the government lacks substantial justification when it chooses to defend basic and fundamental errors of procedure, such as the function-by-function analysis. Reply, ECF No. 41 at 3. Arik also contends that her counsel's claimed hours are reasonable. *Id.* at 3-6. Because the ALJ committed a fundamental error of procedure, and Astrue failed to meaningfully address this deficiency, the undersigned finds that the government's position was not substantially justified. Additionally, the undersigned finds that Arik's claimed hours and costs are reasonable.

### A. Substantial Justification

Both the ALJ's action and Astrue's arguments to this court in defense of the ALJ's action must have been substantially justified. In this case, the district court ordered the case remanded because the record did not demonstrate that the ALJ engaged in or considered the analysis required by SSR 96-8p, including the function-by-function analysis. Order on Cross-Motions for Summary Judgment, ECF No. 24 at 9, 16. Astrue contends that genuine disputes exist as to whether there were sufficient facts and analysis to support the ALJ's finding that Arik could perform her past jobs. Opposition, ECF No. 40 at 4.

Astrue contends that the district court ordered a remand because the ALJ failed to engage in a function-by-function assessment as required by SSR 96-8p. Opposition, ECF No. 40 at 3, n.1. The district court has rejected that characterization. Order on Motion to Alter or Amend, ECF No. 30 at

1  5, n.3 (explaining that the record did not demonstrate that the ALJ had considered or engaged in the
2  SSR 96-8p analysis overall).

3   Astrue next argues that his decision to defend the ALJ was substantially justified because,
4  according to Astrue, the record contained sufficient facts and analysis to support the ALJ's finding
5  that Arik had the capacity to work during the relevant time period, even if the ALJ did not fully
6  articulate this analysis. Opposition, ECF No. 40 at 4 (citing *Stein v. Sullivan*, 966 F.2d 317, 320 (7th
7  Cir. 1992) (a "genuine dispute existed," and the Commissioner's position was substantially justified,
8  where "[t]here was evidence to support the [ALJ's] position," but the ALJ "failed to articulate that
9  he considered" the evidence)).

10   Specifically, Astrue argues that the government's position was substantially justified because
11  there was a genuine dispute as to whether the ALJ sufficiently assessed Arik's capacity for
12  performing her past work as a waitress and an interviewer. Opposition to Fees, ECF No. 40 at 3.
13  Astrue recites the evidence supporting the ALJ's decision, including the extensive daily activities
14  that Arik was able to engage in and her lack of treatment for her condition during the relevant time
15  period. *Id.* at 3-4. He then argues that the holdings of two Ninth Circuit cases – *Fair v. Bowen*, 885
16  F.2d 597, 604 (9th Cir. 1989) (ALJ may consider lack of extensive medical treatment when
17  evaluating severity of claimant's symptoms) and *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir.
18  2005) (claimant's daily activities indicated she was "quite functional") – create a genuine issue in
19  dispute as to whether substantial evidence existed to support the ALJ's findings. *Id.* at 4.

20   But neither of these cases directly address the deficiencies identified by the district court in this
21  case. Both cases primarily focused on credibility assessments related to pain. *Burch*, 400 F.3d at
22  681 (affirming ALJ's rejection of plaintiff's claims of pain); *Fair*, 885 F.2d at 603-605 (affirming
23  ALJ's rejection of plaintiff's claims of pain and reports of treating physician that were based on the
24  same). That said, the court in *Burch* also discussed the plaintiff's obesity claim, concluding that the
25  ALJ had met the requirements of SSR 96-8p. 400 F.3d at 684. But the court in *Burch* only
26  passingly touched on SSR 96-8p's function-by-function assessment requirement as the plaintiff did
27  not allege that her obesity contributed to any functional limitations that would have permitted the
28  ALJ to find her obesity to be equivalent to a listed condition. *Id.* at 683. Moreover, Astrue's

1 argument simply fails to meaningfully address whether the ALJ in this case complied with all of the
2 specific requirements of SSR 96-8p, including the function-by-function analysis.

3 Notably absent from Astrue's brief is any direct discussion of the requirement that the ALJ
4 conduct a function-by-function analysis. Astrue does not revisit his argument that the exception to
5 the requirement carved out by the Ninth Circuit applies. *See* Motion to Alter, ECF No. 27 at 5;
6 *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("Preparing a function-by-function
7 analysis for medical conditions or impairments that the ALJ found neither credible nor supported by
8 the record is unnecessary."). Nor does Astrue contend that this was a case where the ALJ was not
9 required to make explicit that he engaged in a function-by-function assessment because the record
10 made it evident that the ALJ had, in fact, engaged in such an assessment. *Compare Shaw v. Comm'r*
11 *of Social Sec. Admin.*, 2008 WL 1734761, at *5 (N.D. Cal., Apr. 14, 2008).

12 The Ninth Circuit has made it clear that "basic and fundamental" procedural errors are difficult
13 to justify. *See Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir.1998). And "finding that an agency's
14 position was substantially justified when the agency's position was based on violations of . . . the
15 agency's own regulations, constitutes an abuse of discretion." *Guiterrez*, 274 F.3d at 1259. The
16 failure to fulfill the requirements of SSR-96-8p is a basic and fundamental error, and the failure was
17 a violation of the agency's own regulations. *Reed v. Massanari*, 270 F.3d 838, 843 n.2 (9th Cir.
18 2001) (ALJ erred in failing to conduct a function-by-function assessment). Therefore, Astrue's
19 decision to defend that failure is not substantially justified. *See Butler v. Astrue*, No. CV-09-2536-
20 PHX-DGC, 2010 WL 4977132, at *2 (D. Ariz. Dec. 2, 2010); *Shafer v. Astrue*, 518 F.3d 1067 (9th
21 Cir. Mar. 10, 2008) (holding that the government was not substantially justified in defending
22 fundamental procedural errors including improper residual functional capacity evaluation);
23 *Sampson*, 103 F.3d at 921; *Gutierrez*, 274 F.3d at 1259-60 (holding that ALJ's failure to complete a
24 psychiatric review technique form was not sufficiently justified when regulations explicitly
25 mandated its completion); *Connor v. Barnhart*, No. CV-01-20656-JF, 2004 WL 2600417, at *2
26 (N.D.Cal. Nov. 14, 2004) (rejecting argument that government's position was substantially justified
27 when ALJ arguably complied with substantive requirements of regulations but did not actually
28 complete the correct form).

**B. <u>Attorneys' Fees and Costs</u>**

   **1. Costs**

Reasonable costs – including filing fees –  may be recovered.  28 U.S.C. §  2412(a)(2), (d)(2)(A). Arik requests $60.02 in costs.  Sammis Decl., ECF No. 34 at 7.  Astrue claims that Arik failed to demonstrate that she incurred the costs or that they were reasonable.  Opposition, ECF No. 40 at 9. The court reviewed the costs and found them to be reasonable.  The court recommends that the district court award $60.02 in costs to Arik payable from the Department of Justice's Judgment Fund.

   **2.  Fee Rates for Attorneys and Paralegal**

Attorney fees may not be awarded in excess of $125 per hour, unless the court determines a higher fee is justified by an increase in the cost of living, or a special factor exists.  28 U.S.C. § 2412(d)(2)(A).  Arik requests fee rates of $173.50 per hour for work done by counsel Ian Sammis during 2008-2010 and $175.12 per hour for work done by counsel Rob Weems.  Sammis Decl., ECF No. 34 at 2-3.  Astrue does not challenge the fee rate.  But the requested attorney rates exceed the inflation-adjusted statutory annual maximums.  *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-877 (9th Cir. 2005).  Sammis clarified at the hearing that he does request the statutory maximum hourly rate.  Accordingly, the undersigned recommends that the district court apply the statutory maximum annual fee rates of $172.85 per hour for attorney work performed in 2008, $172.24 per hour for attorney work performed in 2009, and $175.06 per hour for attorney work performed in 2010.  *See* Statutory Maximum Rates Under the Equal Access to Justice Act, *at* http://www.ca9.uscourts.gov/content/view.php?pk-id=0000000039 (Mar. 30, 2011).

Arik also requests a rate of $100 per hour work performed by Andrew Ragnes and $50 or $60 per hour for the time he spent on clerical work.  Sammis Decl., ECF No. 34 at 5-6 (specifying $50 per hour at the top of the table detailing Ragnes's work and $60 per hour in the final request and calculations).  Astrue raised no objections to these rates.  The undersigned finds the rate for the paralegal work to be reasonable and recommends that the court apply the $50 per hour rate for clerical work.  *See Podgorny v. Barnhart*, No. C 03-2900 MEJ, 2007 WL 628676, at *2-*3 (N.D. Cal. Feb. 28, 2007) (approving $100 hourly rate for paralegal work performed by Andrew Ragnes

and $40 rate for clerical work performed by him).

**3. Claimed Hours**

Arik requests reimbursement of $3,106.93 for 17.8 hours of attorney time, $3,620.00 for 36.2 hours paralegal time, and $198.00 for 3.3 hours of clerical time. Sammis Decl., ECF No. 34 at 7. Arik provides detailed billing records in support of this request. *Id.* at 2-3, 5, 7.

Astrue argues that Arik's fees should be reduced because Arik is not entitled to fees for work that need not have been performed by an attorney. Opposition, ECF No. 40 at 6-7 (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("purely clerical or secretarial tasks" should not be billed at paralegal rates). Astrue claims that the time billed for preparing/reviewing proofs of service and receipt of document filings, as well as downloading documents or converting documents to PDF for electronic filing, constitutes clerical or secretarial work and is unrecoverable as overhead costs. *Id.* at 7. Astrue cites to three of out-of-circuit cases that hold this. *See, e.g., Spegon v. Catholic Bishop*, 175 F.3d 544, 553 (7th Cir. 1999) (tasks that can ordinarily be performed by a secretary or other clerical person, such as updating case lists and calendars, conferences regarding communications with court clerks, document preparation and copying, are not compensable under the federal fee shifting statutes even if performed by an attorney); *Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325 (5th Cir. 1980) (work commonly performed by a non-attorney should be unrecoverable as an overhead cost); *Mobley v. Apfel*, 104 F. Supp 2d. 1357, 1360 (M.D. Fla. 2000) ("clerical tasks (such as preparing a service of process, filing a complaint, and receiving a return of service and other documents)" are not recoverable under the EAJA).

But these cases do not carry precedential weight and are in conflict with the Ninth Circuit's interpretation and application of the holding in *Jenkins*. In *Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co*., 460 F.3d 1253 (9th Cir. 2006), the Ninth Circuit determined that the lesson of *Jenkins* is that courts are to take into account the customary billing practices in the market. 460 F.3d at 1257. Thus, the court held that "even purely clerical or secretarial work is compensable if it is customary to bill such work separately." *Id.* Astrue has not provided any arguments as to the customary billing practices in this market. On the other hand, a district court stated, "The custom in this district of charging for word processing and other clerical

1 tasks has also been well-established." *National Federation of the Blind v. Target Corp.*, No. C
2 06-01802 MHP, 2009 WL 2390261, at *5 (N.D. Cal. Aug. 3, 2009) (citing *Finkelstein v. Bergna*,
3 804 F.Supp. 1235, 1260 (N.D. Cal.1992)). And Arik requests an award of fees for these clerical
4 tasks at a rate of $50 per hour, one half the requested hourly rate for paralegal work. Sammis Decl.
5 C 04-4932 SBA, ECF No. 100 at 20; *see also Podgorny*, 2007 WL 628676, at *2-*3 (approving
6 $100 hourly rate for paralegal work performed by Andrew Ragnes and $40 rate for clerical work
7 performed by him).

8 Astrue also contends that Arik's counsel spent too much time on various tasks, arguing that the
9 matters were routine, Arik's counsel was an expert, and some of the tasks were redundant or
10 unnecessary. Opposition, ECF No. 40 at 7-9. But Astrue's arguments with regard to the amount of
11 time spent on various tasks – such as the research and briefing related to the post-judgement motion
12 – appear to be based on defense counsel's own opinion, and Astrue does not provide any expert or
13 other credible authority to suggest that the time billed is unreasonable. Moreover, "[s]ocial security
14 cases are fact-intensive and require a careful application of the law to the testimony and
15 documentary evidence, which must be reviewed and discussed in considerable detail." *Patterson v.*
16 *Apfel*, 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000). And counsel's expertise does not necessarily
17 justify a reduction in hours. *Id.* Finally, Astrue admits that the overall amount of time fell within
18 generally reasonable limits. Opposition, ECF No. 40 at 6; *see Vaughn v. Heckler*, 860 F.2d 295,
19 295-96 (8th Cir.1988) (approving 77 hours upon EAJA request).

20 Given these factors, the court does not recommend any reduction to the hours claimed by Arik.

21 **C. Award of Fees to Plaintiff**

22 In *Astrue v. Ratliff*, the Supreme Court held that an award of fees under the EAJA is payable to
23 the litigant and not his attorney and, therefore, is subject to offset for any pre-existing debt owed by
24 the plaintiff to the United States. 130 S.Ct. at 2524. In her motion, Arik does not dispute that any
25 award of fees should be paid directly to her. Docket No. 04-4932 SBA, Application for Award of
26 Attorney's Fees and Costs, ECF No. 101 at 2. In her reply brief, Arik argues that the fees may be
27 paid directly to counsel upon satisfactory proof of assignment as she has no outstanding debt that
28 would be subject to a government offset. Docket No. 04-4932 SBA, Reply, ECF No. 109 at 7. But,

as noted above, Arik did not raise this argument in her initial application for fees, waiving her right to make this argument. *See Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996)("Issues raised for the first time in the reply brief are waived."). Accordingly, the court recommends that the award of fees be payable to the litigant.

## V.  CONCLUSION

Because the court finds that Astrue was not substantially justified in his position and that the requested hours were reasonable, the court recommends awarding Arik fees and costs as follows: $3,104.37 for 17.8 hours of attorney time for Sammis ($121.00 for .7 hours at $172.85 per hour in 2008, $620.06 for 3.6 hours at $172.24 per hour in 2009, and $350.12 for 2.2 hours at $175.06 per hour in 2010 ); $2,013.19 for 11.5 hours of attorney time for Weems ($175.06 per hour all in 2010); $3,660.00 for 36.6[1] hours of paralegal time at $100 per hour; $165.00 for 3.3 hours of clerical time at $50 per hour, and $60.02 in costs payable from the Department of Justice's Judgment Fund.

Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3. Failure to file an objection may waive the right to review of the issue in the district court.

This disposes of ECF No. 35.

**IT IS SO RECOMMENDED.**

Dated: April 21, 2011

_____
LAUREL BEELER
United States Magistrate Judge

---

[1] Arik requested only 36.2 hours of paralegal time but the billing records indicate that Ragnes billed 36.6 hours, and the court assumes that the 36.2 hours request was a scrivener's error.